No. 23,715.

WALKER JOHNSON, *Appellee*, v. S. T. HUTCHERSON, *Appellant*.

SYLLABUS BY THE COURT.

MOTION TO DISMISS—*Death of Plaintiff for More Than a Year—No Revivor— Question of Fact.* A defendant moved to dismiss a case because the plaintiff had been dead more than a year and no revivor had been had. It was shown that a person had died who bore the plaintiff's name and who was related to and lived with the attorney who brought the suit, but that attorney made an affidavit that this was not the plaintiff. On appeal the overruling of the motion is affirmed, notwithstanding the vagueness of the information given in the affidavit referred to concerning the identity of the plaintiff, inasmuch as the disputed matter of fact in that regard can be finally settled at the trial.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed May 6, 1922. Affirmed.

*W. A. Morris,* and *Thomas J. White,* both of Kansas City, for the appellant.
*I. F. Bradley, I. F. Bradley, jr.,* and *W. L. Wood,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: In 1916 a petition in ejectment was filed in the district court of Wyandotte county in the case of Walker Johnson against S. T. Hutcherson. In 1921 a supplemental petition was filed adding a claim of title under a tax deed executed September 16, 1920, the grantee in which conveyed the land to the plaintiff by a deed dated October 22, 1920, and recorded November 8, 1920. Answers were filed to both petitions. On April 23, 1921, the defendant suggested the death of the plaintiff and five days later moved for the dismissal of the action on the ground that the plaintiff had died February 15, 1920, and no revivor had been had. The motion was overruled and this appeal is taken from that order.

It was shown and admitted that Walker Johnson, who was the father-in-law of the attorney who brought and prosecuted the suit, and who lived in the same house with him, had died February 15, 1920. The attorney, however, filed his affidavit that this Walker Johnson was not the plaintiff; that the plaintiff was a resident of Kansas City, Kan., when the action was begun, but had since lived temporarily at Leavenworth and had spent a part of the time in Kansas City, Mo., St. Joseph and Omaha and possibly other places. One of the defendant's attorneys filed an affidavit that he had made inquiries at Leavenworth and could not learn of any Walker Johnson having lived there—the city directories not containing the name. The city directories of Kansas City, Kan., showed but one person of that name—the one who died.

The affidavit of the plaintiff's attorney offered but meager information as to the person whom he alleged to be the plaintiff. It did, however, contain the positive statement that the man who died was not the plaintiff. Moreover, the deed conveying the tax title to Walker Johnson was alleged to have been executed more than six months after the death of the Walker Johnson who was the father-in-law of the attorney who brought the suit, and it seems improbable on any theory that it would have been made to a dead man. The trial court, having overruled the motion to dismiss, must have found that the man who died was not the plaintiff, and we do not feel warranted in reversing its decision in that regard. No serious injustice can result to the defendant from this ruling. The disputed question of fact can be fully gone into upon the trial. If it is there proved that a person now living brought the action and is entitled to re-

cover the property it will follow that the motion to dismiss was rightly overruled. If such proof is not forthcoming then the defendant will prevail and will have suffered no injury beyond being required to meet the issue as to the plaintiff's identity upon a full trial instead of having it determined in a summary way upon a mere motion.

A motion to require the defendant to make more definite an allegation of his answer, to the effect that the tax deed was invalid, by setting out the ground of invalidity, was sustained. The defendant complains of this ruling because it was made after the death of the plaintiff had been suggested, and also, because it was not well founded upon the merits. Our affirmance of the ruling on the motion to dismiss disposes of the first objection, and the fact that the defendant has already complied with the order to make his pleading more definite dispenses with the occasion to consider the other, if it would in any event be reviewable in this proceeding.

The judgment is affirmed.